UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FACTORY SALES AND ENGINEERING, INC. | * | NO. 17-11690 |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |
| ********************************************* | * | |

## ORDER & REASONS

Before the Court is Defendants' motion to withdraw the reference. R. Doc. 1. Plaintiff responds in opposition. R. Doc. 3. Having considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

**I. BACKGROUND**

This case arises out of an alleged breach of contract for services. No. 17-5851, R. Doc. 1-1 at 3. In August 2014, Plaintiff Factory Sales & Engineering, Inc. ("FSE") entered into a services agreement ("Agreement") with Defendants American Sugar Refining, Inc. ("ASR") and Florida Crystals Corporation ("FCC"). No. 17-5851, R. Doc. 1-1 at 3. The Agreement was amended in January 2016. No. 17-5851, R. Doc. 1-1 at 4. On July 28, 2015, FCC, acting for its affiliate, Defendant Osceola Farms Co. ("OFC"), executed a Statement of Work ("SOW") under the Agreement. No. 17-5851, R. Doc. 1-1 at 4. The Agreement provided a payment schedule allowing Defendants to retain 10% of the contract price for the services until two weeks after the work was completed. No. 17-5851, R. Doc. 1-1 at 4. The Agreement also allows Defendants to satisfy liens on the serviced property from the retained 10%. No. 17-5851, R. Doc. 1-1 at 5.

Plaintiff FSE alleges that it authorized Defendants to pay off the four liens on the serviced property and asked for the remaining retained payment. No. 17-5851, R. Doc. 1-1 at 5. Plaintiff

1

further alleges that Defendants have failed to pay the balance of the 10% retainage. Therefore, Plaintiff claims damages for breach of contract and unjust enrichment. No. 17-5851, R. Doc. 1-1 at 5.

Defendants timely removed this case on the basis of diversity. No. 17-5851, R. Doc. 1. On September 29, 2017, this Court transferred the case to the District of the Bankruptcy Court because Plaintiff was put into involuntary Chapter 7 bankruptcy. No. 17-5851, R. Doc. 11. Defendants now move the Court to withdraw the reference to the bankruptcy court. R. Doc. 1. Pending before the bankruptcy court is FSE's motion for the bankruptcy estate to assume the relevant contract.

## II. PENDING MOTION

Defendants move to withdraw the reference to the bankruptcy court and transfer this case to the Southern District of Florida. R. Doc. 1. First, Defendants argue that the reference should be withdrawn because the matter is a non-core, Florida state law claim, the bankruptcy is involuntary, and this Court will be required to review *de novo* the decision of the bankruptcy court. R. Doc. 1 at 5-6. Second, Defendants ask the Court to transfer the case because Florida law governs the claims, evidence is located in the Southern District of Florida, Plaintiff conducted business in Florida, Plaintiff is liquidating in bankruptcy, and Defendants are located in Florida. R. Doc. 1 at 6-7.

Plaintiff responds in opposition arguing that the withdrawal factors weigh against granting Defendants' motion. R. Doc. 3. First, Plaintiff argues that this contract claim is a core proceeding because it will necessarily overlap with the bankruptcy court's determination of the motion to assume the contract. R. Doc. 3 at 8. Second, Plaintiff argues that because of these overlapping issues, withdrawal of the claim from the bankruptcy court is likely to lead to inconsistent results, disruption of the bankruptcy proceeding, and a waste of time and resources. R. Doc. 3 at 9-10.

Third, Plaintiff argues that it is not forum shopping because the contract was signed and partially executed in Louisiana and it had no control over where the bankruptcy proceeding was filed by its creditors. R. Doc. 3 at 11. Finally, Plaintiff argues that the lack of jury demand weighs against withdrawal. R. Doc. 3 at 12.

Further, Plaintiff argues that this case should not be transferred because Defendants have not met any requirements for transfer. R. Doc. 3 at 13. Plaintiff argues that transfer would not be in the interests of justice because of the strong presumption of venue with the bankruptcy court and inefficiencies that would result from withdrawal and transfer. R. Doc. 3 at 13. Plaintiffs also argue that transfer of the case would cause inconvenience to all parties because they would be required to try the overlapping issues in two courts. R. Doc. 3 at 14-15.

### III. LAW & ANALYSIS

#### a. Legal Standard

The provision for withdrawal of the reference from a bankruptcy court is found in 28 U.S.C. § 157(d). "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). To determine whether cause is shown to withdraw the reference, district courts consider whether the matter is a core or a non-core proceeding. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 922, 999 (5th Cir. 1985). Courts also consider several other factors including: whether there is a jury demand, whether withdrawal would promote uniformity in administration of the bankruptcy, whether withdrawal will reduce forum-shopping and confusion, whether withdrawal will conserve resources, and whether withdrawal will expedite the bankruptcy process. *Id.*

b. Discussion

i. Core or Non-Core Proceeding

When a matter is a non-core proceeding, the bankruptcy court has the authority to make findings of fact and law regarding the non-core matter. However, these findings are subject to the district court's *de novo* review. *In re United States Lines, Inc.*, 197 F.3d 631, 636 (2d Cir. 1999). If the parties consent, the bankruptcy court may issue final orders and judgments on non-core proceedings. *Michaelesco v. Shefts*, 303 B.R. 249, 252 (D. Conn. 2004). Here, Defendant argues that the contract claims are non-core because they were filed outside of and are not dependent upon the bankruptcy case. Generally, contract claims are non-core proceedings. However, when the contract claim will impact other core proceedings in the bankruptcy, the contract proceeding may be rendered a core proceeding. *In re United States Lines, Inc.*, 197 F.3d at 638.

In *In re OCA, Inc., et al.*, the Court held that "it [wa]s premature to find that this factor favor[ed] withdrawal of the reference" when the bankruptcy court had not yet determined whether the contract could be assumed by the bankruptcy estate. No. 06-3811, at *4, 2006 WL 4029578 (E.D. La. Sept. 19, 2006). Here, there is a motion to assume the contract before the bankruptcy court. Determining whether to assume the contract "is a core function of the Bankruptcy Court." *Id.* (citing *In re Wood*, 824 F.2d 90, 95 (5th Cir. 1987)). Therefore, if this factor weighs in any direction, it weighs against withdrawing the reference.

ii. Jury Demand

Here, there is no jury demand. Therefore, if this factor weighs in any direction, it weighs against withdrawing the reference.

iii. Judicial Economy

The factors considering uniformity, reducing forum-shipping and confusion, conserving

resources, and expediting resolution of the bankruptcy matters speak to judicial economy. Here, because the bankruptcy court is required to evaluate the merits of the contract claim in consideration of the motion to assume the contract, if the Court were to withdraw the reference, it would create the potential for different and possibly inconsistent results. Furthermore, it would require consideration of this claim by multiple courts. This would create a redundancy and waste of resources by both the judiciary and the parties. Defendants argue that trying this matter in Louisiana is a waste of resources because witnesses and evidence are in Florida. However, trying the matter twice would be a greater waste of resources because the parties will need to travel to Louisiana for the bankruptcy proceedings either way and would then try identical issues a second time in district court either in Louisiana or Florida. Finally, Plaintiff Factory Sales has not chosen this forum for the bankruptcy proceedings as it was put into bankruptcy involuntarily. Therefore, forum-shopping and confusion are not concerns in this case.

Accordingly, consideration of the appropriate factors does not support withdrawal of the reference at this time.

IV. **CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Defendant's motion to withdraw reference, R. Doc. 1, is hereby **DENIED**.

New Orleans, Louisiana this 11th day of January, 2018.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE